IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LATANYA BOTTLEY, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>RWDT FOODS, INC. d/b/a DENNY'S RESTAURANTS, RONALD WOOTEN, and DONNELL THOMPSON,<br><br>Defendants. | Civil Action No.:<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff, **Latanya Bottley** (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, by and through the undersigned counsel, as and for her Complaint, alleges Defendants **RWDT Foods, Inc. d/b/a Denny's Restaurants, Ronald Wooten** and **Donnell Thompson**'s (collectively the "Defendants") failure to pay Plaintiff and all other similarly situated employees minimum wage and overtime compensation, along with other unlawful labor practices as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action to recover monetary damages, liquidated damages, prejudgment interest and costs, including reasonable attorney's fees as a result of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (hereinafter "FLSA").

2. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the FLSA in connection with Defendants' commonly applied policy and practice in violation

of their statutory obligations to pay Plaintiff and the putative collective members minimum wage and overtime compensation at no less than time and a half (1.5) their regular rate of pay for hours worked beyond forty (40) in a workweek.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed systematic and widespread violations of the above-described federal wage and hour statutes and regulations, in the manner described herein.

4. Specifically, Defendants had the following wage and hour violations:

    a. Required hourly employees to work off the clock without compensation;

    b. Required hourly employees to work overtime without compensation;

    c. Failure to pay hourly employees wages for hours worked off the clock and for hours worked in excess of forty (40) in a work week at no less than time and a half (1.5) of their regular rate of pay;

    d. Paid hourly employees a reduced "tip credit" hourly rate despite requiring them to spend over twenty percent (20%) of their time on activities that there not themselves directed toward producing tips, including preparing and cooking food, bussing and cleaning tables and other parts of the restaurant, as well as other maintenance, general preparation and side work, such that Defendants lose the tip credit; and

    e. Failed to consider the actual amount of tips servers received; forced servers to report tips as being greater than they were, and then used the artificially inflated amount to calculate "minimum wage make-up pay," such that there were many

weeks in which Plaintiff and all other servers' combination of wages and tips was less than the standard federal minimum wage.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, a federal statute.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

7. Defendant, **RWDT Foods, Inc. d/b/a Denny's Restaurants**, (hereinafter "**RWDT**") is a foreign profit corporation registered with the State of North Carolina.

8. **RWDT** is actively doing business in the States of Georgia, North Carolina and South Carolina.

9. **RWDT** owns and operates 11 Denny's restaurants.

10. **RWDT** has its principal office located at 2160 Scenic Highway N, Snellville, GA, 30078.

11. **RWDT** has an annual gross volume of business exceeding $500,000.00.

12. Defendant, **Ronald Wooten**, is a founder and Chief Financial Officer of **RWDT**.

13. At all relevant times, **Ronald Wooten** possessed operational control over, possessed an ownership interest in, and/or controlled significant business functions of **RWDT**.

14. At all relevant times, **Ronald Wooten** had the authority to hire and fire employees of **RWDT** including Plaintiff; determine the wages and compensation of Plaintiff and other employees of **RWDT**; establish their work schedules; and/or maintain their employment records.

15. Defendant, **Donnell Thompson**, is a founder and Chief Executive Officer of **RWDT**.

16. At all relevant times, **Donnell Thompson** possessed operational control over, possessed an ownership interest in, and/or controlled significant business functions of **RWDT**.

17. At all relevant times, **Donnell Thompson** had the authority to hire and fire employees of **RWDT** including Plaintiff; determine the wages and compensation of Plaintiff and other employees of **RWDT**; establish their work schedules; and/or maintain their employment records.

18. At all relevant times herein, Plaintiff was and is a resident of Gwinnett County, State of Georgia.

19. Plaintiff worked for Defendants as a non-exempt, hourly paid server and shift lead from approximately July 2016 to October 2016.

20. Plaintiff worked at Defendants' Denny's restaurant, 2925 Lawrenceville Suwanee Rd, Suwanee, GA 30024.

## FACTUAL ALLEGATIONS

21. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

22. At all times material and relevant herein, **RWDT** has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined under 29 U.S.C. §203(s)(1).

23. At all times material and relevant herein, **each Defendant** is the "employer" of Plaintiff and all other similarly situated employees within the meaning of 29 U.S.C §203(d).

24. At all times material and relevant herein, Plaintiff and all other similarly situated employees were and are "employees" within the meaning of 29 U.S.C. §203(e).

25. At all times material and relevant herein, Defendants either directly or indirectly hired

4

Plaintiff and all other hourly employees; controlled their work schedules and conditions of employment; determined the rate and method of the payment of wages; and kept at least some records regarding their employment.

26. At all times material and relevant herein, Defendants controlled the work schedules, duties, protocols, applications, assignments and conditions of employment of Plaintiff and all other hourly employees.

27. Plaintiff and all other similarly situated employees were paid an hourly rate of compensation.

### a. Off-The-Clock and Overtime Violations

28. The hourly employees were required by Defendants and regularly worked off the clock and overtime, including but not limited to, cooking, preparing and serving food and performing side work, such as filling, dressing and cleaning.

29. They were regularly instructed by Defendants to clock out while still working.

30. Defendants regularly clocked out their hourly employees while the employees were still working.

31. Defendants were aware that Plaintiff and all other hourly employees worked off the clock and overtime.

32. Defendants have implemented and continue to implement a commonly applied policy and practice of requiring their hourly employees to work off the clock and overtime without proper compensation.

33. For example, for the pay period of September 22, 2016 to October 5, 2016, Plaintiff worked for approximately four (4) hours off the clock which Defendants were aware of but did not compensate at all.

34. As a result, for the pay period of September 22, 2016 to October 5, 2016, Plaintiff was

5

shorted overtime wages for approximately four (4) hours worked in the total amount of $43.50. This does not include any liquidated damages, attorney's fees or costs.

### b. Tip Credit and Minimum Wage Violations

35. Defendants paid hourly employees a reduced "tip credit" hourly rate despite requiring them to spend over twenty percent (20%) of their time on activities that were not themselves directed toward producing tips, including preparing and cooking food, bussing and cleaning tables and other parts of the restaurant, as well as other maintenance, general preparation and side work.

36. For example, for the pay period of September 8, 2016 to September 21, 2016, Plaintiff spent over twenty percent (20%) of her time on activities that were not directed toward producing tips, including preparing and cooking food, bussing and cleaning tables, checking on other hourly employees, counting the drawer, as well as other maintenance, general preparation and side work.

37. Accordingly, for the pay period of September 8, 2016 to September 21, 2016, Defendants do not qualify for a tip credit and thus, Plaintiff was paid below the federal minimum wage.

38. During many weeks, Defendants failed to record the actual amount of tips servers received.

39. The servers had to report tips received to Defendants for calculating "minimum wage make-up pay."

40. Defendants only allowed their servers to report tips that were at least 15% of their sales.

41. If the actual amount of tips a server received were below 15% of the sales, the server would not be able to enter the amount into Defendants' system for calculating "minimum wage make-up pay."

42. As a result, Defendants forced servers to report tips as being greater than they were, and then

6

used the artificially inflated amount to calculate "minimum wage make-up pay," such that there were many weeks in which Plaintiff and all other servers' combination of wages and tips was less than the standard federal minimum wage.

***

43. Defendants maintained control, oversight, and direction over Plaintiff and all other hourly employees, including the promulgation and enforcement of policies affecting the payment of wages.

44. Plaintiff and all other hourly employees worked in the manner described above and Defendants encouraged, instructed, and required them to work in such manner.

45. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administration regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor, or any administrative practice or enforcement policy of such departments.

46. Defendants' widespread violations of the above-described federal wage and hour statutes and regulations were/are willful, arbitrary, unreasonable and/or in bad faith.

47. The FLSA requires Defendants to accurately record the hours worked by Plaintiff and the putative collective members.

48. Defendants have, or should have, records sufficient to permit a calculation of the hours worked and the minimum wage and overtime underpayments, for Plaintiff and the putative collective members.

49. At this time and prior to conducting discovery, Plaintiff and the putative collective members do not have sufficient documents or information in their possession to calculate their total unpaid wages including minimum wage and overtime compensation. Plaintiff and the

7

putative collective reserve the right to offer appropriate calculations based wholly or in part upon information with the control of Defendants, and to request appropriate awards.

## COLLECTIVE ACTION ALLEGATIONS

50. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

51. Plaintiff brings this collective action individually and on behalf of all other similarly situated employees, who were/are affected by Defendants' willful violations of the FLSA as described in this Complaint.

52. Plaintiff brings this claim for relief for Defendants' willful violations of the FLSA, as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

The Collective is defined as follows:

> **All hourly paid employees of RWDT from April 2014 through the present.**

53. Plaintiff also proposes a sub-collective due to Defendants' tip credit and minimum wage violations of the FLSA; the sub-collective is defined as follows:

> **All hourly paid employees of RWDT from April 2014 through the present who were paid a reduced "tip credit" hourly rate.**

54. This action is properly brought as a collective action pursuant to the collective action procedures of the FLSA because Plaintiff and the putative collective members are similarly situated in that they are all subject to Defendants' commonly applied policy and/or practice of failing to pay hourly paid employees minimum wage, and having hourly paid employees work off the clock and overtime without compensation.

55. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents FLSA claims of a type that have often been prosecuted on a classwide

8

basis, and the manner of identifying the collectives and providing any monetary relief to it can easily be effectuated from a review of Defendants' records.

56. Plaintiff and the proposed collective members demand a trial by jury.

## FIRST CLAIM FOR RELIEF
### (Individual Claims for Minimum Wage Violations)

57. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

58. Defendants paid Plaintiff a reduced "tip credit" hourly rate despite requiring her to spend over twenty percent (20%) of her time on activities that were not themselves directed toward producing tips.

59. Defendants failed to record the actual amount of tips Plaintiff received.

60. Defendants forced Plaintiff to report tips as being greater than they were, and then used the artificially inflated amount to calculate "minimum wage make-up pay."

61. Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

62. As a result of the foregoing, Plaintiff was illegally denied minimum wage, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

## SECOND CLAIM FOR RELIEF
### (Collective Action Claims for Minimum Wage Violations)

63. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

64. Defendants paid Plaintiff and all other similarly situated a reduced "tip credit" hourly rate

despite requiring them to spend over twenty percent (20%) of their time on activities that were not themselves directed toward producing tips.

65. Defendants failed to record the actual amount of tips employees received.

66. Defendants forced Plaintiff and all other similarly situated to report tips as being greater than they were, and then used the artificially inflated amount to calculate "minimum wage make-up pay."

67. Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

68. As a result of the foregoing, Plaintiff and all other similarly situated were illegally denied minimum wage, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

### THIRD CLAIM FOR RELIEF
(Individual Claims for Overtime Violations)

69. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

70. Plaintiff was required by Defendants and regularly worked off the clock and overtime.

71. Defendants failed to compensate Plaintiff wages for working off the clock and overtime at no less than time and a half (1.5) of her regular rate of pay, in violation of the FLSA.

72. Defendants' policy and/or practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

73. Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

74. As a result of the foregoing, Plaintiff was illegally denied wages for working off the clock and overtime compensation, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

### FOURTH CLAIM FOR RELIEF
### (Collective Action Claims for Violation of FLSA)

75. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

76. Plaintiff and all other hourly employees were required by Defendants and regularly worked off the clock and overtime.

77. Defendants failed to compensate Plaintiff and all other hourly employees wages for working off the clock and overtime compensation at no less than time and a half (1.5) of their regular rate of pay, in violation of the FLSA.

78. Defendants' policy and/or practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

79. Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

80. As a result of the foregoing, Plaintiff and the putative collective members were illegally deprived of wages for working off the clock and overtime compensation, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for declaratory relief and damages as follows:

A. A declaratory judgment that Defendants' wage policy and practice alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

B. An Order certifying the FLSA collective;

C. An Order certifying the FLSA sub-collective;

D. An Order directing Defendants, at their own expense, to investigate and account for the number of hours actually worked by the Plaintiff and each putative collective member during each workweek;

E. Judgment for damages for all unpaid minimum wage and overtime compensation owed to Plaintiff and the putative collective members during the applicable statutory period under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

F. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid minimum wage and overtime compensation owed to Plaintiff and the putative collective members during the applicable statutory period;

G. An order directing Defendants to pay Plaintiff and the putative collective members reasonable attorney's fees and all costs connected with this action;

H. Incentive award for the lead Plaintiff(s);

I. An order for injunctive relief and permanently enjoining Defendants from future violations of the FLSA;

J.  Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

K.  Judgment for any and all civil penalties to which Plaintiff and all putative collective members may be entitled; and

L.  Such other and further relief as to this Court may deem necessary, just and proper.

Dated: April 4, 2017

Respectfully submitted,

THE ORLANDO FIRM, P.C.

By: _____
Roger W. Orlando
roger@orlandofirm.com
315 W Ponce de Leon Ave #400
Decatur, GA 30030
Phone: (404) 373-1800
Fax: (404) 373-6999

-And-

**JTB LAW GROUP, LLC**
Jason T. Brown (*Pro Hac Vice* anticipated)
jtb@jtblawgroup.com
Zijian Guan (*Pro Hac Vice* anticipated)
cocozguan@jtblawgroup.com
Phone: (877) 561-0000
Fax: (855) 582-5297

*Attorneys for Plaintiffs*