## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| LATANYA BOTTLEY, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> RWDT FOODS, INC. d/b/a DENNY'S RESTAURANTS, RONALD WOOTEN, and DONNELL THOMPSON, <br><br> Defendants. | Civil Action No.: <br> 1:17-cv-01516-ELR |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

COME NOW Plaintiff Latanya Bottley, along with opt-in Plaintiffs Melissa Rutherford, Crystal Palaguachi, James Comer, Tabitha Williams, Frederick Carson and Julian Woodford (collectively "Plaintiffs") and Defendants RWDT Foods, Inc., Ronald Wooten and Donnell Thompson (collectively "Defendants") (Plaintiffs and Defendants collectively "the Parties") by and through their undersigned attorneys of record, and file this Joint Motion for Approval of Settlement Agreement (the "Joint Motion") requesting that the Court approve the Parties' proposed settlement and dismiss this case with prejudice. The Joint Motion is based upon the proposed Settlement Agreement (attached as **Exhibit 1** hereto) and all the files, records and proceedings herein. The Settlement

Agreement fully executed by the Parties is attached hereto as **Exhibit 2**. The Parties agree that the settlement set forth in the Settlement Agreement is fair and reasonable and that no hearing before the Court is needed or requested. As a result, the Parties respectfully request that the Court approve their Settlement Agreement and dismiss this action with prejudice, with each side to bear their own costs, expenses, and attorneys' fees, except as otherwise provided in the Parties' executed Settlement Agreement, **Exhibit 2**. To further support this Motion, Plaintiffs submit the affidavits from attorney Jason T. Brown and attorney Zijian Guan (attached here to as **Exhibits 3** and **4**) along with the litigation costs (attached hereto as **Exhibit 5**).

## I.    Factual Background

Plaintiffs filed this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* [Doc. 1]. Defendants denied Plaintiffs' allegations and denied they are entitled to any relief whatsoever. [Doc. 13, 15, 31].

Plaintiffs filed their Motion for Conditional Certification of a Collective Action on August 8, 2017 [Doc. 29]; Defendants filed their Opposition on September 12, 2017 [Doc. 36] and Plaintiffs filed Reply in support on October 3, 2017 [Doc. 39].

The Parties engaged in extensive discovery. During discovery, Plaintiffs served written discovery, and Defendants responded to the same. Defendants

served written discovery, and most of the Plaintiffs responded to the same. Defendants had noticed the Plaintiffs' depositions, and Counsel for the Parties had prepared for those depositions. Likewise, the Plaintiffs had noticed Defendant RWDT's 30(b)(6) deposition, and Counsel for the Parties had prepared for that deposition. Counsel for the Parties had met and conferred regarding various discovery responses that Counsel for the respective Parties deemed insufficient.

Through their respective Counsel, the Parties are familiar with the facts of the case and the legal issues raised by the pleadings. The Parties, through their counsel, have engaged in a number of arms-length settlement negotiations to resolve their disputes. The terms and conditions of the settlement reflected in the Settlement Agreement are a product of the Parties' negotiations and represent a reasonable compromise of the disputed issues in this case.

On the eve of the depositions, the Parties reached a settlement of $55,000.00 to resolve all of the claims in Plaintiffs' Complaint, including their claims for unpaid wages, unpaid overtime, liquidated damages, attorneys' fees and costs.

There are together seven Plaintiffs in this action. Pursuant to the Settlement Agreement, the following five Plaintiffs will receive the following amounts for unpaid wages, overtime compensation, liquidated damages and all damages claimed in the Complaint.

    1.  Plaintiff Latanya Bottley will receive $6,000.00.

    2.  Plaintiff Melissa Rutherford will receive $5,200.00.

    3.  Plaintiff Crystal Palaguachi will receive $1,900.00.

    4.  Plaintiff Frederick Carson will receive $2,200.00.

    5.  Plaintiff James Comer will receive $3,000.00.

*See* **Exhibit 2**, pg 3.  These amounts represent Plaintiffs' 100% unpaid wages including overtime in the best scenario plus 40% premium for liquidated damages.

The remaining two Plaintiffs Tabitha Williams and Julian Woodford did not respond to written discovery requests despite an extension.  These two Plaintiffs were not reachable by their attorneys and were not expected to attend their scheduled and noticed depositions.  Guan Aff, ¶12.  The Parties consent to the dismissal of these two opt-in Plaintiffs and are addressed in the Proposed Order.

Defendants will pay $36,700.00 in attorneys' fees and costs to Plaintiffs' Counsel.  Plaintiffs' Counsel ***did not*** negotiate fees or costs simultaneously with Plaintiffs' damage amounts.  This amount for fees and costs were negotiated and agreed upon ***after*** the Parties settled the Plaintiffs' claims for wages and liquidated damages.  Brown Aff, ¶7; Guan Aff, ¶5.

The Parties submit and agree that given the discovery conducted, the terms and conditions of settlement set forth in the Settlement Agreement are fair, reasonable, and in the best interest of the Parties. The Parties have entered into the Settlement Agreement because the Settlement Agreement reflects a reasonable compromise of the Parties' disputed issues and any actual or potential claims.  In addition, the Parties believe that the certainty of settlement is better than the

uncertain outcome of protracted litigation. The Parties also gave due consideration to the costs of protracted litigation in reaching their settlement.

## II.     Memorandum of Law in Support of the Motion

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . ." 29 U.S.C. § 216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances, generally are not subject to bargaining, waiver, or modification by contract or private settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two limited circumstances in which FLSA claims may be compromised are (1) when the Secretary of Labor supervises the settlement pursuant to 29 U.S.C. § 216(c) or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

When parties bring a proposed settlement of an FLSA claim before a court, the Court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the

court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In determining whether a settlement is fair and reasonable, courts have considered factors such as: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See King v. My Online Neighborhood*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575 (M.D. Fla. March 7, 2007) (citing *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)); *see also Trinh v. JPMorgan Chase & Co.*, Case No. 07-CV-01666 W(WMC), 2009 WL 532556 (S.D. Cal. March 3, 2009). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair." *King*, 2007 WL 737575, *3 (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). Moreover, "a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" *King*, 2007 WL 737575 *3 (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir. 1995) (other internal citations omitted)).

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of

interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Any fee agreement between a plaintiff and his or her counsel "must be disclosed to a court when a FLSA settlement is filed for approval" so that the Court can evaluate the reasonableness of the proposed settlement. *Martin v. Huddle House, Inc.*, Civ. No. 2:10-cv-00082-WCO [Doc. 16], at 3-4 (N.D. Ga. May 18, 2011). However, if "the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). *See also Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1347 (M.D. Fla. 2010) (noting that the attorney's fee and costs "which the parties negotiated separately and without regard to the amount paid to the plaintiff" appeared reasonable).

## III.    Legal Analysis

In their Complaint, Plaintiffs contended that Defendants committed tip credit and minimum wage violations, and owed them off the clock and overtime wages and liquidated damages for alleged overtime hours worked for Defendants. [Doc. 1]. Plaintiffs further contended Defendants' labor violations were willful. *Id.*

7

Defendants denied and disputed, and continue to deny and dispute these contentions.   But given the risks and uncertainties to face if this litigation continues, the Parties engaged in arms-length settlement negotiations and were able to reach an agreement to resolve this matter through negotiations between their respective counsel.  Hence, the proposed settlement is a resolution of the bona fide dispute between the Parties.

### a.   *There is No Evidence of Fraud or Collusion Behind the Settlement.*

The Parties had some settlement talks while conducting discovery and motion practice.  Plaintiffs' depositions and Defendants' 30(b)(6) deposition were to be taken in late January 2018.  Plaintiffs' counsel prepared for the depositions, booked travel and flew to Atlanta, Georgia for the anticipated depositions.  On the eve of the depositions, counsel for the Parties engaged in extensive settlement discussions which led to this proposed Settlement Agreement. Plaintiffs' counsel negotiated the payment for Plaintiffs' damages first.  Guan Aff, ¶5.  After the Parties agreed to the amount for Plaintiffs' damages, counsel negotiated and agreed to an amount for fees and costs.  *Id*.  There is no evidence of fraud or collusion behand this settlement; the settlement was accomplished in an adversarial context.

"Under these circumstances, a presumption of fairness attaches to the proposed settlement." *Solis v. Top Brass, Inc.*, No. 14-cv-00219-KMT, 2014 WL 4357486, at *8 (D. Colo., September 3, 2014); *see* also *Lynn's Food Stores*, 679 F.2d at 1354 ("when the parties submit a settlement to the court for approval, the

settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.") and *Camp v. Progressive Corp.*,  Case No. 01-2680 c/w 03-721, 2004 U.S. Dist. LEXIS 19172, at *25 (E.D.La. September 23, 2004) ("The court may presume that a proposed settlement is fair and reasonable when it is the result of arm's length negotiations.")   Since the settlement was product of arm's-length negotiations, it should be presumed fair and reasonable.

b. *The Certainty of This Settlement Outweighs the Uncertain Outcome of Protracted, Complex Litigation.*

The Parties have disputed and continue to dispute various factual and legal issues: whether Plaintiffs worked off the clock; whether Plaintiffs worked overtime; whether Plaintiffs were paid time and a half (1.5) of their regular rate of pay for overtime hours worked; whether Defendants should lose tip credit; whether Plaintiffs were paid below minimum wage as a result of invalid tip credit; whether Defendants' alleged labor violations are willful; whether the putative collective members are similarly situated; and whether Plaintiffs are entitled to any liquidated damages.  If this litigation continues, the Parties will take a number of depositions on both sides and engage in extensive motion practice.  Even if the Court grants Plaintiffs' Motion for Conditional Certification [Doc. 29], Defendants will most likely move for decertification.  Defendants will also deny willfulness of any alleged labor violations.  This will result in escalated attorneys' fees and costs on

both Parties, as well as protracted litigation, causing uncertainties and risks to both Parties – Plaintiffs may lose if there is a trial, or Defendants may not be able to withstand a judgment if there is any.  Under the proposed settlement, the amounts Plaintiff will receive represent their 100% unpaid wages including overtime calculated using assumptions favorable for Plaintiffs plus 40% premium for liquidated damages, bringing finality and certainty to the Plaintiffs.

As courts correctly observed, "it has been held proper to take the bird in the hand instead of a prospective flock in the bush." *In re Shell Oil Refinery*, 155 F.R.D. 552, 560 (E.D. La. 1993) (quoting *Oppenlander v. Standard Oil Co.*, 64 F.R.D. 597, 624 (D. Colo. 1974)).  The payments under the Settlement Agreement bring Plaintiffs recovery and certainty which outweigh the uncertain outcome of protracted, complex litigation.

c.  *The Amount of Discovery Completed and the Stage of the Proceedings Allow the Parties to Fairly Evaluate the Settlement.*

The purpose of this inquiry is to determine whether "the Parties had adequate time to conduct sufficient discovery to fairly evaluate the liability and financial aspects of [the] case, " and whether the case proceedings have "advanced to a stage sufficient to permit the Parties and their counsel to obtain and review evidence, to evaluate their claims and defenses and to engage in informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to the trial of this case."  *Lomascolo v. Parsons*

*Brinckerhoff, Inc.*, No. 1:08cv1310 (AJT/JFA), 2009 U.S. Dist. LEXIS 89136, at *31-32 (E.D.Va. Sept. 28, 2009) (internal quotation marks omitted).

In the case at bar, the Parties conducted written discovery including answering interrogatories and the production of documents prior to their settlement negotiations. Plaintiffs' counsel received and reviewed extensive documents, such as the employees' payroll records and time clock in/out records, to evaluate the Plaintiffs' claims and Defendants' defenses, and to perform the necessary calculations to determine the potential range of recovery with respect to the Plaintiffs. Additionally, the Parties have been engaged in adversarial motion practice including Plaintiffs' Motion for Conditional Certification. The Parties, after this discovery and motion practice, understand it will be an uncertain, difficult, and costly undertaking to proceed to the trial of this case. Hence, the proceedings in this case have advanced to a stage adequate to permit the Parties and their counsel to obtain and review evidence, to evaluate their claims and defenses, and to engage in informed arms-length settlement negotiations. This factor, too, favors approval of the settlement.

### d. *It is Possible that Plaintiffs Would Not Prevail if Litigation Continued.*

There are uncertainties and risks for Plaintiffs going to trial in this action. Plaintiffs' probability of success was uncertain, and even if Plaintiffs had succeeded in showing liability, the amount of damages was also uncertain.

Plaintiffs may have difficulties proving the amount of hours worked off the clock and issues proving the tip credit violations.   Furthermore, a jury may not find willful violations by the Defendants.   To avoid these uncertainties and risks, Plaintiffs agree to the proposed settlement.

e. _Parties were Represented by Competent and Experienced Counsel._

Counsel for both sides are competent, experienced attorneys handling employment cases and labor class actions.

Defense Counsel Jamala S. McFadden is a graduate of The University of Michigan Law School.   She has practiced law for over 15 years, focusing on representing management in employment matters.   She has advised clients regarding wage and hour issues and has litigated numerous FLSA actions, including other putative collective action matters in this Court.   Prior to working at The Employment Law Solution, she clerked for a federal judge in the United States District Court for the Eastern District of Michigan, and she worked at the law firm that is currently known as Eversheds Sutherland.

Plaintiffs' lead counsel Jason T. Brown has been practicing law for over 21 years since 1996, often handling complex civil litigations and class actions with many wage and hour class and collective actions certified and successfully settled. Brown Aff., ¶2.   Mr. Brown also served as a Legal Adviser and Special Agent for the FBI.   _Id._   In Mr. Brown's private practice, employment cases and wage-and-

hour class and collective actions are a focus of his practice. Some of his representative wage-and-hour class and collective actions are:

1) *Eshelman, et al. v. Client Services, Inc., et al.*, No.: 0822-CC-00763 in the Twenty-Second Judicial District of the Missouri Circuit Court;

2) *Miller, et al. v. Aon Risk Services Companies, Inc., et al.*, No.: 1:08-cv-05802 in the United States District Court for the Northern District of Illinois;

3) *Lambert, et al. v. Sykes Enterprises, Incorporated*, No.: 4:11-cv-00850-BSM in the United States District Court for the Eastern District of Arkansas;

4) *Calnan, et al v. Veolia Energy North America LLC*, No.: 1:12-cv-11412-WGY in the United States District Court for the District of Massachusetts;

5) *Orakwue, et al. v. Selman Associates Ltd, et al*, No.: 7:13-cv-00052-RAJ in the United States District Court for the Western District of Texas;

6) *Cerrato v. Alliance Material Handling Inc. et al*, No.: 1:13-cv-02774-WDQ in the United States District Court for the District of Maryland;

7) *Dunagan v. Ryder Integrated Logistics, Inc.*, No.: 4:13-cv-03496 in the United States District Court for the Southern District of Texas;

8) *Atkinson et al v. Teletech, L.L.C. et al*, No.: 3:14-cv-00253-WHR in the United States District Court for the Southern District of Ohio;

9) *Shaver v. Gills Eldersburg, Inc. et al*, No. 1:14-cv-03977-JMC in the United States District Court for the District of Maryland;

10) *Voss v. Alcon Laboratories, Inc.*, No. 16-cv-01040 in the United States District Court for the District of Minnesota; and

11) *Hodge v. Signia Marketing Ltd. et al*, No. 1:15-cv-02839-KMT in the United States District Court for the District of Colorado.

Brown Aff., ¶3.

Both Counsel are competent to litigate this type of FLSA collective actions. Based on their litigation experience and objective assessment of the evidence obtained during discovery, they submit to the Court that this Settlement is fair and reasonable.

### f.  *Plaintiffs' Attorneys' Fees are Reasonable.*

The assessment of the reasonableness of the attorneys' fees "is within the sound discretion of the trial court, and the court may utilize its own 'knowledge and expertise' in coming to an independent judgment regarding the reasonableness of requested attorney's fees." *Pearson v. Fulton Cty*., Case NO. 1:08-CV-3758-WCO, 2011 U.S. Dist. LEXIS 162615 at * 36-37 (N.D.Ga September 22, 2011) (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).  In assessing a plaintiff's requested counsel fees, courts typically use the "lodestar" method which is "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). However, a Court need not separately consider the reasonableness of the fee amount if the fee "was agreed upon separately and without regard to the amount paid to the plaintiff…unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney." *Bonetti*, 715 F. Supp. 2d at 1228. *See also Moreno*, 729 F. Supp. 2d at 1347.

Here, Plaintiffs' counsel have invested a significant amount of time, expenses and resources in prosecuting this case, including, but not limited to, comprehensive pre-litigation investigations, drafting pleadings, drafting and filing Motion for Conditional Certification and a supporting Reply, conducting written discovery and document review, requesting and reviewing documents produced by the U.S. Department of labor, noticing and preparing for the scheduled 30(b)(6) deposition, preparing Plaintiffs' depositions noticed by Defendants, arms' length negotiations between the Parties, drafting and negotiating the settlement agreement, drafting and filing the Parties' Joint Motion for Approval of Settlement, and all other work in finalizing this settlement. Plaintiffs' counsel anticipate there will be more work to be done through the conclusion of this matter, such as coordinating with Defendants' counsel and communication with Plaintiffs regarding the settlement disbursements.

Attorney Jason T. Brown ("Mr. Brown") and associate attorney Zijian Guan ("Ms. Guan") primarily worked on this case. "'A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'" *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir.1996) (quoting *Norman v. Housing Authority of Montgomery*, 836 F.2d at 1292, 1299 (11th Cir. 1988)). As explained above, Mr. Brown is the senior litigator and managing partner of JTB Law Group, LLC. Mr. Brown has been practicing law for over twenty-one (21) years, often

handling complex civil litigations and class actions nationwide with many wage and hour class and collective actions certified and successfully settled. Brown Aff., ¶2. In one of his representative FLSA cases, *Dunagan v. Ryder Integrated Logistics, Inc.*, 4:13-cv-03496 (S.D.Tex.), Mr. Brown was approved for $495 per hour in 2014. Brown Aff., ¶10. In another representative FLSA case, *Hodge v. Signia Marketing Ltd. et al*, 1:15-cv-02839-KMT (D.Colo.), Mr. Brown was approved for $475 per hour in 2017. *Id.* Mr. Brown requests the approval of $475 per hour in this case. Given Mr. Brown's experience and expertise, the Court should find this rate reasonable. *See e.g.*, *Eason v. Bridgewater & Assocs.*, 108 F. Supp. 3d 1358, 1364 (N.D.Ga 2015) (approving $400 per hour for a partner who had practiced for approximately 13 years); *Butz v. Amware Distrib. Warehouses of Ga., Inc.*, No. 1:13-cv-3204-WSD, 2014 U.S. Dist. LEXIS 169466, at *6 (N.D.Ga December 8, 2014) (approving $425 per hour for a partner who had practiced for approximately 24 years); and *Willoughby v. Youth Villages, Inc.*, 219 F. Supp. 3d 1263, 1266 (N.D.Ga 2016).

Associate attorney Ms. Guan is a graduate of Fordham University School of Law and has been practicing law full time for 7 years. Guan Aff., ¶8. She has worked on many wage and hour actions in which she has successfully recovered for the plaintiffs, such as *Lambert, et al. v. Sykes Enterprises, Incorporated*, 4:11-cv-00850-BSM (E.D.Ark.); *Orakwue, et al. v. Selman Associates Ltd, et al*, 7:13-cv-00052-RAJ (W.D.Tex.); *Dunagan v. Ryder Integrated Logistics, Inc.*, 4:13-cv-

03496 (S.D.Tex.); *Cerrato v. Alliance Material Handling Inc. et al*, 1:13-cv-02774-WDQ (D.Md.); *Schroeder v. Selman Associates Ltd, et al*, 3:14-cv-00042-RDM (M.D.Pa.); *Senat v. The McLane Group, LLC et al*, 1:13-cv-08517-JPO (S.D.N.Y); *Felix v. Thai Basil At Thornton, Inc.*, 1:14-cv-02567-MSK-CBS (D.Colo.); *Shaver v. Gills Eldersburg, Inc. et al*, 1:14-cv-03977-JMC (D.Md.); *Bartz v. Iron Protection Group, LLC et al*, 1:16-cv-01078-RM-MJW (D.Colo.); and *Hodge v. Signia Marketing Ltd. et al*, 1:15-cv-02839-KMT (D.Colo.). Guan Aff., ¶9. In both *Dunagan v. Ryder Integrated Logistics, Inc.* and *Hodge v. Signia Marketing Ltd. et al*, Ms. Guan was approved for $295 per hour. Guan Aff., ¶11. Ms. Guan requests the approval of $295 per hour for this case. *See e.g.*, *Eason*, 108 F. Supp. 3d at 1364 (approving up to $325 per hour for associate attorneys).

Mr. Brown performed legal work for a total number of 26.2 hours for a putative lodestar amount of $12,445.00, calculated at $475 per hour. Brown Aff., ¶11. Ms. Guan performed legal work for a total number of 193.7 hours for a putative lodestar amount of $57,141.50, calculated at $295 per hour. Guan Aff., ¶7. Mr. Brown and Ms. Guan collectively incurred a lodestar amount of $69,586.50, not including the supporting staff's time worked on this case. In addition, Plaintiffs have incurred litigation costs in the amount of $1,960.29. These expenses include the complaint filing fee, application fees for admission to appear *pro hac vice*, service of process expenses, travel expenses for scheduled depositions and mailing costs. *See* **Exhibit 5**. Under the settlement, Defendants

agree to pay Plaintiffs' counsel fees and costs for $36,700.00.  Minus the litigation costs, Plaintiffs' attorneys will receive $34,739.71 in fees which represents only 50% of the lodestar amount collectively worked by Mr. Brown and Ms. Guan. Furthermore, this amount was negotiated and agreed to by Defendants *after* the Parties agreed to the settlement amount for the Plaintiffs' damages.  Brown Aff., ¶7.  Applying the standard articulated in *Bonetti* and *Moreno*, here the Court need not independently examine the reasonableness of the fee amount requested by Plaintiffs.  The amount was agreed upon separately and without regard to the amount paid to the Plaintiffs; there is no indication that the Plaintiffs' recovery was adversely affected by the fee amount; in contrast to the Plaintiffs' recovery which is 100% back wages plus 40% premium, the requested amount is only 50% of the putative lodestar amount collectively worked by Mr. Brown and Ms. Guan.  The Court should find Plaintiffs' requested fee amount reasonable.  If the Court is not persuaded by such argument, Plaintiffs will promptly submit a lodestar spreadsheet showing all hours worked and descriptions of the work performed if the Court so orders.

### g. *Dismissal of Plaintiffs Tabitha Williams and Julian Woodford*

The Parties consent to the dismissal of two opt-in Plaintiffs Tabitha Williams and Julian Woodford with prejudice.  Plaintiffs' counsel exercised due diligence in attempting to reach them through the course of this litigation but they have not responded.  Their phone numbers on file are no longer valid; they were

sent multiple emails by counsel requesting them to contact counsel informing their obligations to participate in discovery and the potential consequences of dismissal of their claims if they remained unresponsive; and further, they were delivered two letters written by counsel via USPS priority mail with a tracking number – one letter requesting them to reach counsel and the other letter informing them of their obligations to respond to discovery requests and to attend deposition but they did not respond.  Guan Aff., ¶12.

"[O]pt-in plaintiffs in a FLSA case should have the same status in relation the claims of the lawsuit as do the named plaintiffs." *Todd v. Daewon Am., Inc.*, NO. 3:11cv1077-MHT (WO), 2014 U.S. Dist. LEXIS 53867, at *13 (M.D.Ala. April 18, 2014). Dismissal of claims are appropriate under both Rules 37(b)(2) and 41(b) if the opt-in plaintiffs disregard their discovery obligations and do not communicate with their own attorneys. *Id* at *14.  *See also Saxton v. Young*, 479 F. Supp. 2d 1243, n.2, 1257 (M.D.Ala. 2007) (dismissing plaintiffs who were unresponsive and uncooperative in response to Defendants' discovery requests and the attempts made by their own counsel to contact them regarding the case and further noting such dismissal was "a result of the failure of individual Plaintiffs to prosecute and participate in this case, and should not reflect upon Plaintiffs' counsel.).  Thus, due to the two opt-in Plaintiffs' unresponsiveness and failure to cooperate with their counsel, the Parties agree to the dismissal of their claims.

## IV.    CONCLUSION

In sum, the proposed settlement is a fair and reasonable resolution of a bona fide dispute. The Parties have worked together to reach a final settlement amount that adequately compensates Plaintiffs for their alleged damages and for their attorney's fees and costs.  The settlement is a result of arms-length settlement negotiations. Plaintiffs' counsel negotiated fees and costs separately after the Parties agreed to the payment amount for Plaintiffs' damages, and Plaintiffs' counsel's requested fee amount represents only 50% of the counsel's putative lodestar amount. There is no indication that the settlement is otherwise unreasonable.  Hence, the Parties submit that this settlement is fair and reasonable.

WHEREFORE, Plaintiffs and Defendants pray that this Court will enter an Order approving the settlement. A proposed order is attached hereto.

Respectfully submitted this 9th day of April, 2018.


JTB LAW GROUP, LLC

By: *Jason T. Brown*
Jason T. Brown, *Pro Hac Vice*
jtb@jtblawgroup.com
Zijian Guan, *Pro Hac Vice*
cocozguan@jtblawgroup.com
155 2nd Street, Suite 4
Jersey City, NJ 07302
Phone: (877) 561-0000
Fax: (855) 582-5297

-And-

THE ORLAND FIRM, P.C.
Roger W. Orlando
roger@orlandolawfirm.com
315 W. Ponce de Leon Ave # 400
Decatur, GA 30030
Phone: (404) 373-1800
Fax: (404) 373-6999
*Attorneys for Plaintiffs*


The Employment Law Solution:
McFadden Davis, LLC

 */s/ Jamala S. McFadden*
Jamala S. McFadden
Georgia Bar. No. 490959
jmcfadden@theemploymentlawsolution.com
Halima Horton White
Georgia Bar No. 36788
hwhite@theemploymentlawsolution.com
1100 Peachtree Street, NE, Suite 200
Atlanta, Georgia 30309
Telephone: (678) 424-1380
Facsimile: (404) 795-1070
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| LATANYA BOTTLEY, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) )    Civil Action No.: )    1:17-cv-01516-ELR |
| RWDT FOODS, INC. d/b/a DENNY'S RESTAURANTS, RONALD WOOTEN, and DONNELL THOMSPON, | ) ) ) ) ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE AND COMPLIANCE**

I hereby certify on this day that the forgoing **JOINT MOTION TO APPROVE SETTLEMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF,** prepared in Times New Roman 14-point font in compliance with Local Rule 5.1B, was filed with the Clerk of the Court of the United States District Court, for the Northern District of Georgia, Atlanta Division, using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

Respectfully submitted, this 9th day of April, 2018.

*/s/ Jason T. Brown*
Jason T. Brown

22