# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| LATANYA BOTTLEY, individually, and ) on behalf of all others similarly situated, ) ) Plaintiffs, ) ) v. ) ) RWDT FOODS, INC. d/b/a DENNY'S ) RESTAURANTS, RONALD WOOTEN, ) and DONNELL THOMSPON, ) ) Defendants. ) | Civil Action No.: 1:17-cv-01516-ELR |

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is between Plaintiff, Latanya Bottley, the opt-in Plaintiffs, Melissa Rutherford, Fredrick Carson, James Comer, Crystal Palaguachi, and their respective agents, representatives, assignees, and beneficiaries (the "Plaintiffs"), and Defendants, RWDT Foods, Inc. d/b/a Denny's Restaurants, Ronald Wooten, and Donnell Thompson (the "Defendants" or "RWDT"). Plaintiffs and RWDT are referred to collectively as "the Parties."

## BACKGROUND

A.     Plaintiffs and RWDT are parties to a lawsuit in the United States District Court for the Northern District of Georgia (the "Court"), titled *Bottley, et*

*al. v. RWDT Foods, Inc. d/b/a Denny's Restaurants, et al.,* Civil Action No. 1:17-cv-01516-ELR (the "Lawsuit"), in which Plaintiffs allege that RWDT did not pay Plaintiffs certain minimum wage and overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

B.     RWDT denies all claims asserted in the Lawsuit and denies that they are liable to any Plaintiffs for any minimum wage, any overtime compensation or for any unlawful or otherwise wrongful conduct.

C.     To avoid the burdens, expenses and uncertainty of litigation, the Parties now wish to enter into a complete and binding settlement of all wage-and-hour claims that Plaintiffs asserted or could have asserted in the Lawsuit, as described in Section 7.

D.     The Plaintiffs, all of whom have filed written consent forms in this matter, have agreed to be bound by a settlement of this matter, subject to the Approval of the Court in the Lawsuit (the "Court Approval").

Accordingly, and in consideration of the Parties' respective promises, and of Plaintiffs' releases, in this Agreement, the Parties agree as stated below.

## AGREEMENT

1.     **No Admission of Liability.**  This Agreement is a compromise of disputed claims.  The Parties agree that this Agreement and the payment of monetary consideration under this Agreement shall not be construed as an

admission of wrongdoing or liability by RWDT.  No portion of this Agreement shall be offered or admitted into evidence in the Lawsuit or in any other lawsuit or legal proceeding for any purpose whatsoever, except to seek enforcement of the terms of the Agreement or as otherwise required by law or by Court order.

2.   **Settlement Payment.**  Under this Agreement, RWDT agrees to make the following payments of monetary consideration:

a)   **Individual Payment**.   RWDT agrees to pay the total sum of Eighteen Thousand Three Hundred Dollars and Zero Cents ($18,300.00) to the Plaintiffs (the "Individual Payment").  The Individual Payment shall be distributed as follows and made payable to each corresponding Plaintiff:

| Plaintiff Name | Payment Amount |
|---|---|
| Latanya Bottley | $6,000.00 |
| Melissa Rutherford | $5,200.00 |
| Fredrick Carson | $2,200.00 |
| James Comer | $3,000.00 |
| Crystal Palaguachi | $1,900.00 |
| **TOTAL** | **$18,300.00** |

b)   **Fee Award**.  Plaintiffs will request Court Approval of an award of attorneys' fees and costs to JTB Law Group, LLC ("Plaintiffs' Counsel") in the amount of Thirty-Six Thousand Seven Hundred Dollars and Zero Cents ($36,700.00).  RWDT will not oppose such request.  This amount was agreed upon after the Parties agreed upon the value of the Individual

Payment.  The amount that the Court approves is referred to as the "Fee Award," and shall be made payable to "JTB Law Group, LLC."

   c)   **Tax Withholding and Reporting -- Individual Payment.** Each Plaintiff's Individual Payment will be divided into two equal gross payments as follows: (i) one half shall be in settlement of claims for wages, and RWDT will make applicable withholdings from this payment, issue an IRS Form W-2 to the Plaintiff regarding this payment and be responsible for the employer-portion of FICA taxes for this payment; and (ii) the remaining half shall be in settlement of claims for liquidated damages and/or interest, and RWDT will not withhold any amounts from this payment and will issue an IRS Form 1099 to the Plaintiff regarding this payment.

   3.   **Conditions to and Timing of Payments**.  RWDT shall issue the Individual Payment and Fee Award to Plaintiffs' Counsel within three (3) weeks after the last to occur of the following events (each of which is also a condition of RWDT's obligation to issue the payment): (a) the Parties execute this Agreement; and (b) Approval occurs as specified in Section 6.

   4.   **Payment Compliance**.  All payments shall be timely sent to JTB Law Group, LLC, 155 2nd St., Suite 4, Jersey City, NJ 07302, via non-USPS courier with a tracking number.  If Defendants fail to timely issue the Individual Payment or the Fee Award, RWDT Foods, Inc., Ronald Wooten and Donnell Thompson,

shall be jointly and severally liable for fines at $500.00 a day until Plaintiffs' Counsel receive the payment in full.

5.    **Tax Indemnification**.  Plaintiffs acknowledge that RWDT has made no warranties or representations to Plaintiffs regarding the tax consequences of any payments under this Agreement.  If any of the Parties fails to pay taxes for which that Party is responsible in connection with any payments under this Agreement, the Party who so fails shall indemnify any opposing Party for any tax liability, interest, penalties, or other expenses incurred by the opposing Party as a result of such failure.

6.    **Settlement Approval.**

a)    The terms of this Agreement are contingent upon Court Approval of the settlement and dismissal of the Lawsuit with prejudice.  The Parties agree to work cooperatively to secure Court Approval of the Parties' settlement and dismissal of the Lawsuit.  Within ten (10) days of the Parties' execution of this Agreement, Plaintiffs' Counsel shall file a Joint Motion for Approval of Settlement Agreement and Dismissal of the Lawsuit with Prejudice (the "Approval Motion").  Any request for a Fee Award shall be included in the Approval Motion.

b)    "Approval" means the occurrence of both of the following events:  (i) the Court's issuance of an order granting the Approval Motion or

granting so much of the Approval Motion as relates to material terms of this Agreement (as further explained in Section 6(c), below); and (ii) the Court's entry of an order dismissing the Lawsuit with prejudice.

      **c)**      An order that would otherwise be Approval shall be Approval even if the order does not approve a Fee Award, or approves a Fee Award in an amount less than requested.  However, no Party shall request or otherwise seek to have the Court take or decline to take such actions.  In the event that the Court declines to rule on the Approval Motion in a way that constitutes Approval (as defined above) the Parties shall work in good faith to remedy and address the Court's concerns and attempt to re-submit an approval motion consistent with the interests of the Parties and the will of the Court. If an impasse is reached, the Parties will submit the issue to mediation within two (2) weeks after the Parties' meeting and conferring.

      **7.**      <u>**Release of Claims.**</u>  Each Plaintiff hereby releases Defendants and all of its parent, subsidiary, successor, and affiliated business entities, and each of their former and current directors, officers, employees, agents, representatives, and attorneys (collectively, the "Released Parties"), from any and all claims, damages (including but not limited to actual, compensatory, punitive, and liquidated damages), attorneys' fees, litigation expenses and costs, and/or any other liabilities of any kind, through the date of Approval, whether known or unknown ("Claims"),

to the extent the Claims: (a) relate to wages, other compensation or hours of work; and (b) were asserted or raised in the Lawsuit. The Claims that Plaintiffs are releasing include, but are not limited to, all Claims that any or all of the Released Parties failed to pay any minimum wage, overtime or other wages or compensation, failed to provide proper meal or rest break periods, or engaged in any other unlawful conduct toward Plaintiffs in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

8. **Miscellaneous.**

  a) **Continuing Jurisdiction.** Nothing in this Agreement is intended to limit the Court's continuing jurisdiction over the Parties to administer and enforce the settlement.

  b) **No Waiver by Inaction.** The failure of any Party to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof, or deprive that party of the right to insist upon strict adherence to that term or any other term in the Agreement.

  c) **Construction.** The Parties have had an opportunity to negotiate all terms of this Agreement and agree that all of the terms shall be construed as if drafted by all Parties and not against any as the drafter.

  d) **Choice of Law.** The enforcement and interpretation of this Agreement shall be governed by the laws of Georgia.

e) **Extension of Time.** The Parties may agree, in writing, upon a reasonable extension of time for any deadline or date specified in this Agreement.

f) **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties regarding their settlement of the Lawsuit and supersedes any other written or oral statements, representations, communications, understandings, and agreements regarding that subject matter. No amendment or modification of any term of this Agreement shall be binding on the Parties unless reduced to writing and signed by the person or entity against whom enforcement is sought.

g) **Counterparts and Signatures.** This Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which, taken together, shall constitute the same instrument. A signature made on a faxed or electronically mailed copy of the Agreement or a signature transmitted by facsimile or electronic mail will have the same effect as the original signature.

Latanya Bottley                        RWDT Foods, Inc.

_____          By:_____
                                       Name:
                                       Title:
Dated:_____          Dated:_____

Melissa Rutherford                          Ronald Wooten, as an individual

_____                     _____

Dated: _____                     Dated:_____


Fredrick Carson                             Donnell Thompson, as an individual

_____                     _____

Dated: _____                     Dated:_____


James Comer

_____

Dated: _____


Crystal Palaguachi

_____

Dated: _____